# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michael Stephen Walker,

Petitioner,

v.

Charles L. Ryan, et al.,

Respondents.

No. CV-15-00072-PHX-ROS (BSB)

**REPORT AND RECOMMENDATION**

On January 14, 2015, Petitioner Michael Stephen Walker filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 asserting several grounds for relief. (Doc. 1.) The Court dismissed the original petition with leave to amend using a court-approved form. (Doc. 7.) On April 22, 2015, Petitioner filed an Amended Petition asserting ten grounds for relief challenging his convictions and sentences in Maricopa County Superior Court Case Nos. CR1992-000157 and CR2011-165590. (Doc. 9.) In their answer, Respondents assert that Grounds Two, Three, Four, Five, Six, Seven, Nine, and Ten should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of limitations applicable to state prisoners seeking federal habeas corpus relief. (Doc. 14 at 10.) Respondents alternatively argue that Ground Two is not cognizable on federal habeas corpus review. (*Id.* at 18.) Respondents also argue that federal habeas corpus review of Ground One and Grounds Three through Ten is procedurally barred. (*Id.* at 21.) Petitioner has filed a reply in support of his Amended Petition and a motion for an evidentiary hearing.

(Docs. 19, 20.) As set forth below, the Court recommends that the Amended Petition be dismissed and the motion for an evidentiary hearing be denied.

## I. Factual and Procedural Background

### A. Maricopa County Case No. CR1992-00157 (the 1992 Case)

#### 1. Charges, Trial, Sentence, and Direct Review

On January 27, 1992, Petitioner was charged in Maricopa County Superior Court with one count of kidnapping, a class two felony and dangerous crime against children. (Doc. 14, Ex. A.) The charge alleged that Petitioner threatened to hurt his girlfriend's baby with a knife if police approached him. (Doc. 14, Ex. I.) A jury found Petitioner guilty as charged. (Doc. 14, Ex. B.) On July 10, 1992, the trial court sentenced Petitioner to twelve years' imprisonment. (Doc. 14, Ex C.)

Petitioner appealed his conviction and sentence to the Arizona Court of Appeals. (Doc. 14, Exs. E, F.) Petitioner raised the following claims in his opening brief: (1) the evidence was insufficient to support his conviction for kidnapping because (a) he did not restrain the child, and (b) his intoxication prevented him from having the requisite mental state for the crime; (2) the trial court erred by allowing the State to use prior felony convictions for impeachment; (3) the trial court erred by allowing the State to use an unrelated knife for demonstrative purposes; (4) the prosecutor's peremptory strike of a Native American jury panel member violated *Batson v. Kentucky*, 476 U.S. 79 (1986); (5) the trial court erred by failing to give an instruction pursuant to *State v. Willits*, 393 P.2d 274 (Ariz. 1964), regarding the State's failure to preserve the knife used during the incident; (6) the trial court erred by not instructing the jury on the legal effect of voluntary intoxication; (7) the trial court erred by instructing the jury that it could only consider a lesser-included offense if it unanimously acquitted Petitioner of kidnapping; (8) the trial court erred by instructing the jury that "reasonable doubt" does not include "possible doubt"; and (9) the trial court erred by failing to give Petitioner additional presentence incarceration credit. (Doc. 14, Ex. G.) On May 27, 1993, the Arizona Court of Appeals affirmed Petitioner's conviction and modified his sentence to include three

additional days of presentence incarceration credit. (Doc. 14, Ex. I.) The Arizona Supreme Court denied review on January 13, 1994. (Doc. 14, Ex. J.)

**2. Post-Conviction Review**

On December 20, 1994, Petitioner filed a notice of post-conviction relief in the trial court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.[1] (Doc. 14, Ex. L.) Petitioner was appointed counsel who filed a notice stating that he could not find any claims to raise on post-conviction review. (Doc. 14, Ex. M.) The trial court gave Petitioner an opportunity to file a pro per petition. (Doc. 14, Ex. N.) On October 19, 1995, after the deadline for Petitioner to file his petition passed, the trial court dismissed the post-conviction proceeding based on Petitioner's failure to file a petition. (Doc. 14, Ex. O.)

On January 30, 1998, Petitioner filed petition for post-conviction relief in a second post-conviction proceeding. (Doc. 14, Ex. P.) On March 2, 1998, the trial court dismissed the second post-conviction proceeding because Petitioner "fail[ed] to set forth any facts or circumstances that would bring him within any of the exceptions to the rule of preclusion under Rule 32.2 of the Arizona Rules of Criminal Procedure or [Ariz. Rev. Stat.] § 13–4232." (Doc. 14, Ex. Q.)

On November 21, 2006, Petitioner commenced a third post-conviction proceeding by filing a notice of post-conviction relief alleging ineffective assistance of post-conviction counsel and challenging the admission of evidence at trial. (Doc. 14, Ex. R.) On December 14, 2006, the trial court dismissed the notice and found that Petitioner's claims were precluded under Rule 32.2(a) because they either were or should have been raised on direct appeal or in the first Rule 32 proceeding, and because "ineffective

---

[1] Pursuant to the prison mailbox rules, Respondents consider Petitioner's pro se filings to be filed on the date Petitioner signed the document and delivered it to prison authorities for mailing. (Doc. 14 at 5 n.2); *see Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (discussing mailbox rule in federal proceedings). Respondents also assume that Petitioner delivered his filings to prison authorities for mailing on the date he signed them, unless the filings indicate the mailing date. (Doc. 14 at 5 n.2); *see Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (assuming federal habeas petitioner "turned his petition over to prison authorities on the same day he signed it"). The Court also applies the mailbox rule in this fashion.

assistance of Rule 32 counsel [was] not a cognizable claim in a collateral Rule 32 proceeding." (Doc. 14, Ex. S.) Petitioner appealed to the Arizona Court of Appeals. (Doc. 14, Ex. T.) On November 2, 2007, the appellate court denied review. (Doc. 14, Ex. U.)

On September 5, 2012, Petitioner filed a fourth notice of post-conviction relief. (Doc. 14, Ex. V.) Petitioner alleged that the trial court erred by admitting certain evidence, and that trial and post-conviction counsel were ineffective. (*Id.*) Petitioner's claims related to the admission of a knife during his trial. (*Id.*) On October 1, 2012, the trial court dismissed the notice because it was untimely under Rule 32.4(a) and Petitioner had not asserted any ground for relief that could be asserted in an untimely Rule 32 proceeding. (Doc. 14, Ex. W.) On October 12, 2012, Petitioner filed a motion for reconsideration, which the trial court denied on March 11, 2013. (Doc. 14, Exs. X, Y.) Petitioner appealed, arguing that the trial court erred by dismissing the fourth notice of post-conviction relief without giving him the opportunity to file a petition. (Doc. 9-1 at 4-8.) On September 4, 2014, the Arizona Court of Appeals granted review but denied relief, concluding that the notice was untimely under Rule 32.4 and that Petitioner's claims were precluded by Rule 32.2(a). (Doc. 9-1 at 9-11.)

On January 15, 2014, Petitioner filed a "motion to supplement [fourth] petition for review," and on January 28, 2014, he filed another notice of post-conviction relief. (Doc. 9-1 at 12–14.) The trial court denied review on April 7, 2014, stating that:

> [t]he Court has reviewed Defendant's Motion to Supplement Petition for Review filed January 13, 2014, and Notice of Post-Conviction Relief filed January 31, 2014. The order and mandate on direct appeal was issued on February 1, 1994. This is defendant's fourth Rule 32 proceeding; it is both untimely and successive.
>
> The defendant claims, pursuant to Ariz. R. Crim. P. 32.1(g), that there has been a significant change in the law that, if applied retroactively to the defendant's case, it would probably affect the outcome of the defendant's convictions or sentences. Specifically, the defendant refers to the Ethical Rule 3.8. The defendant provides no factual or legal basis to support a finding that the rule change is applicable retroactively. Further, even if the change was applicable to the prosecutor at the time of the trial, there is no basis to find the outcome of the conviction or sentence would have been affected.

> Accordingly, defendant is not entitled to relief under Rule 32.1(g). In addition, defendant's conviction was final before the rule change. Defendant is therefore not entitled to relief under Rule 32.1(g).

(Doc. 9-1 at 15.)

**B. Maricopa County Case No. CR2011-165590 (the 2011 Case)**

**1. Charges, Plea, Sentencing, and Direct Review**

On January 25, 2012, Petitioner was charged in Maricopa County Superior Court case No. CR2011-165590 with one count of aggravated assault against a police officer. (Doc. 14, Ex. AA.) The charge alleged that Petitioner bit a police officer on the neck. (Doc. 14, Exs. AA, EE.) The State alleged that Petitioner had five historical non-dangerous felony convictions, including his 1992 kidnapping conviction. (Doc. 14, Ex. BB.) On April 19, 2012, Petitioner pleaded guilty to aggravated assault with one prior felony conviction, the 1992 kidnapping conviction. (Doc. 14, Exs. CC, DD.) The plea agreement specified the following terms of imprisonment: four-and-one-half years' for the presumptive sentence, three years for the minimum sentence, 2.25 years for the mitigated sentence, six years for the maximum sentence, and seven-and-one-half years for the aggravated sentence. (Doc. 14, Ex. CC.) The plea agreement stipulated to a sentence of five years' imprisonment. (*Id.*) The State agreed to allege only one of Petitioner's five prior felony convictions, and not to file additional charges of aggravated assault and resisting arrest. (*Id.*) The trial court accepted Petitioner's guilty plea and, on May 22, 2012, the trial court sentenced Petitioner to five years' imprisonment. (Doc. 14, Exs. DD, FF.)

**2. Post-Conviction Review**

On July 16, 2012, Petitioner filed a notice of post-conviction relief pursuant to Rule 32. (Doc. 14, Ex. II.) The court appointed Deputy Public Defender Mikel Steinfeld to represent Petitioner in the post-conviction proceeding. (Doc. 14, Ex. JJ.) On February 22, 2013, Steinfeld filed a notice stating that he could not "find any colorable claims for relief to raise on [Petitioner's] behalf." (*Id.*) The court ordered Steinfeld to serve as

advisory counsel and allowed Petitioner to file a pro per petition for post-conviction relief. (Doc. 11, Ex. KK.)

On May 22, 2013, Petitioner filed a petition for post-conviction relief asserting the following claims: (1) trial counsel was ineffective during plea negotiations because his inadequate advice led to Petitioner's failure to timely accept an alleged plea offer from the State stipulating to a sentence of 2.25 years' imprisonment; (2) trial counsel was ineffective for failing to investigate Petitioner's claim that police officers beat Petitioner after his arrest; and (3) trial counsel was ineffective for waiving Petitioner's preliminary hearing. (Doc. 14, Ex. LL.) After Petitioner filed his petition, Steinfeld moved to withdraw as advisory counsel, stating that he had discovered a conflict of interest. (Doc. 14, Ex. MM.) The court granted the motion, appointed the Office of the Legal Advocate to represent Petitioner, and ordered appointed counsel to investigate potential claims for relief. (Doc. 14, Ex. NN.) Appointed counsel, Deputy Legal Advocate Kerri Chamberlin, later filed a notice stating that she was "unable to find any claims for relief to be raised in post-conviction relief proceedings." (Doc. 14, Ex. QQ.) After Chamberlin filed her notice, Petitioner moved to reinstate his pro per petition. (Doc. 14, Ex. RR.)

On January 10, 2014, the trial court dismissed the petition for post-conviction relief for failure to state a colorable claim for which relief could be granted. (Doc. 14, Ex. TT.) The court noted that Petitioner entered the plea agreement intelligently, knowingly, and voluntarily, and that he had agreed at sentencing that his attorney performed well in securing an agreement for a sentence of five years' imprisonment. (*Id.*) The court concluded that Petitioner failed to prove ineffective assistance under either prong of *Strickland v. Washington*, 466 U.S. 668 (1984), and found that Petitioner had not raised a colorable claim of ineffective assistance of counsel. (*Id.*) Petitioner did not appeal that decision.

Over a year later, on January 13, 2015, Petitioner filed in the trial court a "Notice of Oversight and Application to Correct Judgment Accordingly," arguing that his 1992 kidnapping conviction was too old to be alleged as a prior felony conviction for

sentencing purposes in the 2011 case. (Doc. 14, Ex. UU.) On February 23, 2015, the trial court denied relief, concluding that "[t]he Sentencing does not contain any error with regard to sentencing enhancement."[2] (Doc. 14, Ex. VV.)

On March 23, 2015, Petitioner filed a notice of appeal in the trial court challenging the trial court's February 23, 2015 ruling. (Doc. 14, Ex. WW.) On May 15, 2015, Petitioner filed a "Notice and an Application of a Writ of Error Coram Nobis" in the trial court raising multiple claims.[3] (Doc. 14, Ex. XX.)

**C. Federal Habeas Corpus Proceedings**

On January 14, 2015, Petitioner filed a petition for writ of habeas corpus in this Court asserting that: (1) his due process rights were violated because his sentence in the 2011 case was enhanced with a conviction that was nineteen years old (the 1992 kidnapping conviction) (Ground One); (2) the state courts refused to allow Petitioner to present his first Rule 32 petition to challenge his conviction in the 1992 case (Ground Two); (3) the trial court erred by allowing the prosecution to present a substitute knife for demonstrative purposes during his trial in the 1992 case (Ground Three); (4) Petitioner was arrested without probable cause or a warrant in the 1992 case (Ground Four); and (5) trial counsel was ineffective during the 1992 case (Ground Five). (Doc. 1.)

On April 22, 2015, Petitioner filed an Amended Petition asserting the following claims: (1) his Fifth and Fourteenth Amendment rights were violated in the 2011 case when his sentence was enhanced by his nineteen-year-old conviction in the 1992 case (Ground One); (2) the trial and appellate courts violated his First and Fourteenth Amendment rights when they refused to allow him to present Petitioner's first Rule 32 petition challenging his conviction in the 1992 case (Ground Two); (3) his Fifth and Fourteenth Amendment rights were violated when a police officer presented a "forged"

---

[2] The court's order is dated February 19, 2015 and filed February 23, 2015. (Doc. 14, Ex. VV.)

[3] The record does not contain information about the disposition of these proceedings, but the absence of that information does not preclude resolution of this matter.

piece of evidence (a knife) during his trial in the 1992 case (Ground Three); (4) he was arrested in the 1992 case without probable cause or a warrant in violation of his Fourth, Fifth, and Fourteenth Amendment rights (Ground Four); (5) trial counsel in the 1992 case was ineffective in violation of the Sixth Amendment (Ground Five); (6) his Fifth and Fourteenth Amendment rights were violated when he was sentenced in the 1992 case to a class two felony, instead of a class four felony (Ground Six); (7) his Fifth and Fourteenth Amendment rights were violated when he was denied a timely preliminary hearing in the 2011 case (Ground Seven); (8) Petitioner's counsel in the 2011 case was ineffective in violation of the Sixth Amendment for failing to object to the sentencing enhancement (Ground Eight); (9) his Fifth and Fourteenth Amendment rights were violated in the 2011 case when he received "improper legal advice regarding the state's first plea offer [and when] counsel failed to communicate the expiration date of the plea, [which] resulted in the uninformed forfeiture of the 2.25-year plea offer" (Ground Nine); and (10) his Fifth and Fourteenth Amendment rights were violated when trial counsel in the 2011 case refused to "investigate allegations that the police officers brutally beat [him] during the ride from the arrest location to the police station" (Ground Ten). (Doc. 9.) Respondents assert several defenses to these claims which the Court addresses below. (Doc. 14.) The Court also considers Petitioner's reply. (Doc. 20.)

**II. Ground Two is Not Cognizable on Federal Habeas Corpus Review**

In Ground Two, Petitioner argues that the state courts violated his First and Fourteenth Amendments rights by refusing "to allow [him] to present his first [post-conviction] Rule 32 Petition to the government so to redress his grievances [related to the 1992 case] in their courts." (Doc. 9 at 12.) Petitioner challenges the trial court's dismissal of his first post-conviction proceeding based on his failure to file a petition, and the state courts' dismissal of his subsequent post-conviction proceedings on procedural grounds. (*Id.*) Petitioner states that he has a limited education and did not understand the procedures related to Rule 32 proceedings. (Doc. 20 at 3-15.) He asserts that during his first post-conviction proceeding related to his 1992 case, he did not understand that he

was required to file a pro se petition for post-conviction relief after his attorney notified the trial court that he could not find any issues to raise. (*Id.* at 8.) Respondents argue that Ground Two presents state law issues that are not cognizable on federal habeas corpus review. (Doc. 14 at 18-19.) Petitioner, however, contends that Ground Two does not pertain to state law, but to his "civil rights." (Doc. 20 at 15.) As discussed below, the Court concludes that Ground Two presents state law issues that are not cognizable on federal habeas corpus review.[4]

---

[4] Liberally construing the Amended Petition and the Reply, Petitioner argues that he was denied the effective assistance of counsel during his first post-conviction proceeding because, after counsel notified the court that he could not find any issues to raise, he did not notify Petitioner that he needed to file a pro se petition. (Doc. 9 at 12, Doc. 20 at 6.) Petitioner also argues that he expected the assistance of counsel during his subsequent post-conviction proceedings. (Doc. 20 at 3-15.)

To the extent Petitioner's claims are based on an entitlement to post-conviction counsel under Arizona law, such claims are not cognizable on federal habeas corpus review. *See Ortiz*, 149 F.3d at 939 (an alleged violation of Ariz. R. Crim. P. 32.4(c) based on the trial court's failure to appoint the petitioner counsel in a post-conviction proceeding was not cognizable on federal habeas corpus review). Additionally, as discussed below, Petitioner did not have a Sixth Amendment right to the assistance of counsel in his post-conviction proceedings related to his 1992 case.

A criminal defendant has no federal constitutional right to counsel in state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Absent such a right, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see also Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct 1309, 1320 (2012) ("There is no constitutional right to an attorney in state postconviction proceedings"); *Moran v. McDaniel*, 80 F.3d 1261, 1271 (1996) (stating that the Supreme Court has "concluded there is no Sixth Amendment right to effective assistance of counsel during state or federal habeas corpus proceedings").

However, the Supreme Court has held that the Sixth Amendment right to the effective assistance of counsel applies to the first appeal of right in the courts. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Thus, courts in the District of Arizona recognize that a pleading defendant has a right to the assistance of counsel in a Rule-32 of right proceeding in Arizona, because that proceeding is a form of direct review. *See Summers* v. *Schriro*, 481 F.3d 710, 717-18 (9th Cir. 2007); *Ree v. Ryan*, 2015 WL 3889360, at *1 (D. Ariz. June 23, 2015); *Ramon v. Ryan*, 2010 WL 3564819, at *11 (D. Ariz. July 23, 2010) (Arizona pleading defendant had a right to counsel in his Rule 32 of-right post conviction proceeding).

Here, in the 1992 case, Petitioner was convicted after a jury trial. Thus, Petitioner's first post-conviction proceeding was not an of-right proceeding and, therefore, Petitioner did not have a right to counsel in that proceeding. *See* Ariz. R. Crim. P. 32.1; *Martinez*, 132 S. Ct. at 1320.

Under 28 U.S.C. § 2254, habeas corpus relief is only available for "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Defendants argue that Ground Two is not cognizable under § 2254 because it is based on an alleged violation of state, not federal, law. (Doc. 14 at 18-19.) The Ninth Circuit has held that procedural errors arising during post-conviction relief proceedings are not cognizable in habeas corpus proceedings under 28 U.S.C. § 2254. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam ) (holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."); *see also Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) (finding that the post-conviction court's failure to appoint petitioner counsel in his second post-conviction proceedings did not constitute a basis for a federal habeas claim); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997) (stating that errors in the post-conviction proceeding were not cognizable in federal habeas corpus proceedings).

As previously stated, Ground Two asserts that the state courts erred in dismissing Petitioner's Rule 32 proceedings based on state procedural grounds and, thus, it does not assert a federal claim. Although Ground Two also cites the First Amendment and Due Process Clauses, Petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1389, 1389 (9th Cir. 1996). Accordingly, Petitioner's challenge to the state court's dismissal of his post-conviction proceedings fails to state a cognizable claim and, therefore, Ground Two should be dismissed.[5]

**III. Statute of Limitations**

The Court next considers Respondents' assertion that several of Petitioner's claims are barred by the statute of limitations. (Doc. 14 at 10.) The AEDPA provides a one-

---

[5] Respondents alternatively argue that Ground Two is untimely under the AEPDA statute of limitations. (Doc. 14 at 16.) Because the Court concludes that Ground Two is not cognizable on § 2254 review, it does not consider this argument. Likewise, the Court does not consider Petitioner's arguments regarding why the Court should excuse his untimely presentation of Ground Two. (Doc. 20 at 3-15.)

year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). "Section 2244(d)(1) 'contain[s] multiple provisions relating to the events that trigger its running.'" *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011) (en banc) (quoting *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2561 [ ] (2010)) (alteration in original). "The triggering events are the dates on which: direct review becomes final, an unlawful state-created impediment to filing is removed, a new constitutional right is made retroactively available, or the factual predicate of the claim(s) presented could have been discovered with 'due diligence.'" *Lee*, 653 F.3d at 933 (quoting 28 U.S.C. § 2244(d)(1)(A)–(D)). The one-year statute of limitations begins running on the latest of those dates. *See* 28 U.S.C. § 2244(d)(1); *Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001).

When a § 2254 petition advances multiple grounds for habeas corpus relief, the "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). Accordingly, the Court considers the limitations period as it applies to Petitioner's claims.[6]

**A. Timeliness of Grounds Three, Four, Five, and Six**

Grounds Three, Four, Five, and Six relate to Petitioner's 1992 case. Respondents argue that § 2244(d)(1)(A) supplies the starting date for the limitations period on those claims and that Petitioner did not file his § 2254 petition until after the AEDPA's one-year statute of limitations expired as to Grounds Three through Six. (Doc. 14 at 11-14.) The statute of limitations commences on the latest of the dates determined by applying §§ 2244(d)(1)(A) through (D). *See* 28 U.S.C. §§ 2244(d)(1)(A)-(D). Petitioner does not make any allegations indicating that subsections (B), (C), or (D) should apply, or that

---

[6] Petitioner argues that the AEDPA does not apply to the Court's consideration of his claims related to his 1992 conviction because that conviction occurred before the AEDPA's effective date of April 24, 1996. (Doc. 20 at 3.) This argument lacks merit because Petitioner filed his original petition in January 2015, and the Supreme Court has held that the AEDPA applies to habeas corpus petitions filed after the AEDPA's April 24, 1996 effective date. *Woodford v. Garceau*, 538 U.S. 202, 206, 210 (2003). Accordingly, the AEDPA applies to this matter.

application of any of these subsections would result in a starting date for the statute of limitations that is later than the date determined under § 2244(d)(1)(A). (Docs. 9, 20.) Accordingly, the Court finds that § 2244(d)(1)(A) applies.

On January 18, 1994, the Arizona Supreme Court affirmed Petitioner's conviction and sentence in the 1992 case. (Doc. 14, Ex. J.) Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Accordingly, Petitioner's conviction became final ninety days later, on April 18, 1994, upon the expiration of the time for filing a petition for writ of certiorari in the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (the time for seeking direct review under § 2244(d)(1)(A) "includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition"); *see also* Sup. Ct. R. 13.1 (a petition for writ of certiorari to review a judgment entered by a state's highest court must be filed in the United States Supreme Court with ninety days after entry of the judgment).

State prisoners, like Petitioner, whose convictions became final before the April 24, 1996 effective date of the AEDPA, had a one-year grace period, until April 24, 1997, to file federal petitions for writ of habeas corpus. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) ("AEDPA's one-year grace period for challenging convictions finalized before AEDPA's enactment date is governed by Rule 6(a) and ended on April 24, 1997 in the absence of statutory tolling."). Petitioner did not present Grounds Three, Four, Five, and Six in a federal habeas corpus petition until January 14, 2015, when he filed his original petition, which included the claims asserted in Grounds Three through Six of the Amended Petition. (*Compare* Doc. 1 at 10-17 *with* Doc. 9 at 15-22.) Therefore, absent tolling or an exception to the limitations period, Grounds Three, Four, Five, and Six are barred by the statute of limitations.

**1. Statutory Tolling**

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").

As previously stated, the limitations period for Petitioner's claims asserted in Grounds Three through Six expired on April 24, 1997. Thereafter, on January 30, 1998, Petitioner commenced the first of several state post-conviction actions pursuant to Rule 32 challenging his conviction and sentence in the 1992 case. (Doc. 14, Exs. P, R. V; Doc. 9 -1 at 12.) Additionally, on May 15, 2015, Petitioner filed a "Notice and an Application for a Writ of Error Coram Nobis" in the trial court. Even assuming that the application for writ of error coram nobis constitutes an "application for State post-conviction or other collateral review," because the AEDPA statute of limitations as to Grounds Three through Six had expired before Petitioner commenced his Rule 32 post-conviction actions and before he sought coram nobis relief, those proceedings could not toll the limitations period.[7] *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit re-initiation of the limitations period that has ended before the state petition was filed.").

Thus, the deadline for Petitioner to file a § 2254 petition raising the claims asserted in Grounds Three, Four, Five, and Six was April 24, 1997. Petitioner did file his original Petition until January 14, 2015, more than ten years after the limitations expired on those claims. Accordingly, the Petition is untimely as to Grounds Three, Four, Five, and Six unless Petitioner establishes that equitable tolling or an exception to the statute of limitations applies.

---

[7] In his Reply, Petitioner argues that his claims are not barred by the AEDPA statute of limitations because the coram nobis proceeding is still pending in state court. (Doc. 20 at 12.) Because the coram nobis proceeding cannot toll the AEDPA limitations period, whether it is still pending does not change the analysis of the statute of limitations issue.

**2. Equitable Tolling**

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted).

**a. Extraordinary Circumstances**

Here, although Petitioner asserts that he had some difficulty presenting his claims related to the 1992 case to the state courts during post-conviction proceedings (Doc. 20 at 3-15), he does not specifically address his untimely presentation of Grounds Three, Four, Five, and Six in this § 2254 proceeding.[8] Rather, to excuse any procedural or time bars to his claims, Petitioner generally argues that he is incarcerated, has a limited education, and lacks legal knowledge. (Doc. 20 at 3, 3, 4, 8, 15.) These factors do not constitute extraordinary circumstances sufficient to toll the limitations period. *See Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1112-1113 (9th Cir. 2009) (the petitioner's confusion about the AEDPA does not justify equitable tolling); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not,

[8] The reply could be construed as arguing that the lack, or ineffective assistance, of post-conviction counsel resulted in the untimely presentation of Grounds Three through Six. (Doc. 20 at 3-15). However, the lack, or ineffective assistance, of counsel during state post-conviction proceedings related to the 1992 case does not excuse his failure timely to file a federal habeas corpus petition. As discussed in Section II n.4, Petitioner had no federal constitutional right to counsel during those post-conviction proceedings. Consequently, the absence or ineffectiveness of counsel does not warrant equitably tolling the limitations period. *See Ortiz v. Stewart*, 149 F.3d 923, 933 (9th Cir.1998) (ineffective representation in post-conviction proceeding does not constitute cause for procedural default).

by itself, an extraordinary circumstance warranting equitable tolling"); *Ballesteros v. Schriro*, 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's pro se status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances). A petitioner's lack of education is also not grounds for equitable tolling. *See Hughes v. Idaho Bd. of Corrections*, 800 F.2d 905, 908-09 (9th Cir. 1986) (a petitioner's pro se status and illiteracy did not constitute cause to excuse procedural default).

Petitioner also asserts that he had difficulty presenting his claims during state post-conviction proceedings because he did not have records from his 1992 criminal case, and did not know that he was entitled to a copy of the record until September 2013. (Doc. 20 at 7-8.) The Ninth Circuit has observed that a petitioner's inability to obtain transcripts or access to legal files may warrant equitable tolling in appropriate circumstances, but only when the record shows that such inability actually prevented a prisoner from seeking habeas relief. *See United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004); *Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2005). Petitioner does not explain what steps he took before September 2013 to obtain the records from his 1992 case. (Doc. 20 at 8.) Additionally, he does not explain why his alleged lack of records prevented him from presenting grounds Three, Four, Five, and Six in a timely habeas corpus petition. Accordingly, Petitioner is not entitled to equitable tolling based on his alleged lack of records.

Therefore, Petitioner has not articulated, and the record does not reveal, any extraordinary circumstance that prevented Petitioner from filing a timely federal habeas corpus petition asserting the claims included in Grounds Three, Four, Five, and Six.

**b. Diligent Pursuit of Claims**

Even if Petitioner were able to demonstrate extraordinary circumstances, he is not entitled to equitable tolling because the record reflects that he failed to exercise diligence in pursuing his claims. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (finding that petitioner did not diligently pursue his claims when he did not commence state post-

conviction proceedings until three years after judgment was entered and twenty-one months after the AEDPA's effective date); *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (stating that the petitioner bears the burden of demonstrating grounds for equitable tolling); *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (finding that petitioner was not entitled to equitable tolling due to his lack of diligence); *Johnson v. McCaughtry*, 265 F.3d 559, 565–66 (7th Cir. 2001) (holding that petitioner did not exercise diligence because he had no motions or cases pending in state or federal court during three intervals totaling 364 days).

Although Petitioner sought post-conviction relief multiple times, there were significant gaps between those proceedings. The trial court dismissed Petitioner's first post-conviction proceeding on October 14, 1995. (Doc. 14, Ex. O.) Petitioner waited nearly three years before commencing a second post-conviction action in January 1998. (Doc. 14, Ex. P.) After the trial court dismissed that proceeding in March 1998, Petitioner waited over eight years before he filed another notice of post-conviction relief on December 14, 2006. (Doc. 14, Exs. Q, R.) After that proceeding was denied on appeal in November 2007, Petitioner waited nearly five years before he pursued his claims in a post-conviction proceeding in September 2012. (Doc. 14, Exs. V, U.) Petitioner explains that the intervals between his post-conviction proceedings occurred because he would become frustrated and "g[i]ve up," because he did not understand the post-conviction process. (Doc. 20 at 7.) The extended periods of inactivity between Petitioner's post-conviction proceedings illustrate his lack of diligence. Petitioner's frustration with Arizona's post-conviction procedures does not excuse his lack of diligence. *See Waldron–Ramsey*, 556 at 1112-1113 (the petitioner's confusion about the AEDPA does not justify equitable tolling).

Because Petitioner has not shown that he "has been pursuing his rights diligently" and that "some extraordinary circumstance" stood in the way of his raising his claims in a timely § 2254 Petitioner, equitable tolling does not apply to Grounds Three through Six. *See Pace*, 544 U.S. at 418.

**3. Actual Innocence Exception to the Limitations Period**

To avoid a time bar to federal review of his claims in Grounds Three, Four, Five and Six, Petitioner argues that he is actually innocent of the 1992 conviction. (Doc. 9 at 12; Doc. 20 at 12, 14.) As discussed below, Petitioner has not established that he has a credible claim of actual innocence that constitutes an equitable exception to the one-year statute of limitations applicable to these claims. In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, (2013), the United States Supreme Court recognized an exception to the AEDPA statute of limitations for a claim of actual innocence. The Court adopted the actual innocence gateway previously recognized in *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), for excusing the bar to federal habeas corpus review of procedurally defaulted claims. *McQuiggin*, 133 S. Ct. at 1928 (citing *Schlup*, 513 U.S. at 937-38.)

The rule announced in *McQuiggin* does not provide for an extension of the time statutorily prescribed, but instead is an equitable exception to § 2244(d)(1). *McQuiggin*, 133 S. Ct. at 1931. Actual innocence, if proven, merely allows a federal court to address the merits of a petitioner's otherwise time-barred constitutional claims; the Supreme Court has not yet addressed whether "a freestanding claim of actual innocence" provides a separate basis for granting habeas relief. *Id*. To pass through the *Schlup* gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 316. *Schlup* requires a petitioner 'to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial.'" *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (quoting *Schlup*, 513 U.S. at 324).

In his Reply, Petitioner argues that he is entitled to subpoena witnesses to substantiate his claim of actual innocence in the 1992 case. (Doc. 20 at 14.) However, he does not identify the witnesses he would subpoena or describe the nature of their testimony. Thus, he has not shown that, based on this alleged new evidence, "it is more

likely than not that no reasonably juror would have convicted him . . . ." *Schlup*, 513 U.S. at 316.

Petitioner also argues that "the testimony of Alexia Colter the eye witness to the alleged crime shows by clear and convincing evidence that no reasonable jury could have found [Petitioner] guilty of the offense." (Doc. 20 at 5.) Petitioner does not describe Alexia Colter's testimony or explain why it is new evidence. (*Id.*) However, in an abundance of caution and in view of Petitioner's pro se status, the Court has reviewed the record and found a letter that Colter submitted to the trial court before sentencing in which she explained that she was the victim's mother and that Petitioner did not threaten to hurt her baby. (Doc. 14-1 at 31-34.) She explained that Petitioner had been using a knife to fix his stereo speakers and that he was holding the knife when he picked up the baby. (*Id.* at 33.) She stated that Petitioner held the baby tight so he would not drop her, but he did not hurt the baby. (*Id.*)

Even assuming this is new evidence for purposes of *Schlup*, Petitioner has not shown that, based on this evidence, it is more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 316. Colter's testimony contradicted the police officers' testimony that Petitioner held the baby and threatened to hurt the baby with a knife if police took him to jail. (Doc. 14, Ex. L.) However, a reasonable juror could have credited the police officers' testimony rather than Colter's. Thus, Petitioner has not met *Schlup's* high standard and this exception does not excuse his untimely presentation of his claims.

**B. Timeliness of Grounds One, Seven, Eight, Nine, and Ten**

Respondents assert that Grounds One and Eight are timely, but Grounds Seven, Nine, and Ten are untimely. As set forth above, the Court agrees with Respondents' assertion. Grounds One, Seven, Eight, Nine, and Ten pertain to Petitioner's conviction and sentence in the 2011 case. As previously stated, the statute of limitations commences on the latest of the dates determined by applying §§ 2244(d)(1)(A) through (D). *See* 28 U.S.C. §§ 2244(d)(1)(A)-(D). As with the other grounds asserted in the Amended

Petition, Respondents argue that § 2244(d)(1)(A) supplies the starting date for the limitations period on Grounds One, Seven, Eight, Nine, and Ten. (Doc. 14 at 14.) Petitioner again does not make any allegations indicating that subsections (B), (C), or (D) should apply, or that application of any of these subsections would result in a starting date for the statute of limitations that is later than the date determined under § 2244(d)(1)(A). Accordingly, the Court finds that § 2244(d)(1)(A) applies.

To assess the timeliness of Grounds One, Seven, Eight, Nine, and Ten, the Court first determines the date on which Petitioner's conviction in the 2011 case became "final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). By pleading guilty, Petitioner was precluded from pursuing a direct appeal in the Arizona Court of Appeals. *See* Ariz. Rev. Stat. §13-4033(B). Rather, Petitioner could seek review in an "of-right" proceeding pursuant to Rule 32; the functional equivalent of a direct appeal. *See* Ariz. R. Crim. P. 32.1 and 32.4.; *Summers v. Schriro*, 481 F.3d 710, 715-16 (9th Cir. 2007) ("Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)."). Accordingly, Petitioner's 2011 conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review." *See Summers*, 481 F.3d at 711, 716-17

Petitioner commenced a timely Rule 32 of-right proceeding and the trial court denied relief on January 10, 2014. (Doc. 14, Ex. TT.) After the trial court denied relief, Petitioner had fifteen days to petition the trial court for a rehearing. *See* Ariz. R. Crim. P. 32.9(a). Petitioner did not file a motion for rehearing by that deadline. Thus, Petitioner had thirty days from the date of the trial court's final decision on the Rule 32 of-right petition to file an appeal of that decision. *See* Ariz. R. Crim. P. 32.9(c). In their Answer, Respondents add five days to the thirty-day deadline by applying Rule 1.3, which provides that "whenever a party has the right or is required to take some action within a prescribed period after service of a notice or other paper and such service is allowed and made by mail, 5 days shall be added to the prescribed period." (Doc. 14 at 14 (citing

Ariz. R. Crim. P. 1.3)); *see also State v. Zuniga*, 786 P.2d 956, 957 (Ariz. 1990) (Rule 1.3 extends the time to file a notice of appeal by five days when the order appealed has been mailed to the interested party). Thus, Petitioner had until February 15, 2014 to file a petition for review with the Arizona Court of Appeals. Petitioner, however, did not file a petition for review in the appellate court.

Accordingly, his 2011 conviction became final on February 15, 2014, "[u]pon the expiration of the time for seeking" review of this Rule 32 of-right proceeding. *See Summers*, 481 F.3d at 711, 716-17 Thus, the one-year limitations period started to run the next day, February 16, 2014, and ended one year later on February 15, 2015. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Long after the expiration of the deadlines for filing a motion for rehearing and for seeking appellate review of the trial court's denial of his Rule 32 of-right proceeding, on January 13, 2015, Petitioner filed in the trial court a "Notice of Oversight and Application to Correct Judgment Accordingly" (Motion to Correct Judgment). (Doc. 14, Ex. UU.) On February 23, 2015, the trial court denied relief on that motion. (Doc. 14, Ex. VV.) On March 23, 2015, Petitioner filed a notice of appeal of the trial court's February 2015 ruling. (Doc. 14, Ex. WW.)

There is nothing in the record indicating that the trial court granted Petitioner leave to file a late motion for rehearing or a late notice of appeal, or that could otherwise be construed as reopening direct review of the trial court's order denying relief in Petitioner's Rule 32 of-right proceeding. The trial court's denial of the Motion to Correct Judgment does not indicate that direct review was reopened and thus the AEDPA limitations period should restart. *See United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (when the state supreme court clerk labeled the petitioner's petition for writ of certiorari as untimely, and denied the petition, the Ninth Circuit did not consider the Supreme Court's denial of the untimely certiorari petition an indication that the Court

forgave the untimeliness of the petition, thus, the Supreme Court's ruling did not provide a new date on which the judgment became final under 28 U.S.C. § 2255(f)(1).)[9]

Accordingly, Petitioner's judgment of conviction in the 2011 case became final on February 15, 2014. Thus, the one-year limitations period started to run the next day, February 16, 2014, and ended one year later on February 15, 2015, unless the limitations period was tolled.

**1. Statutory Tolling**

The AEDPA limitations period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Nino*, 183 F.3d at 1006.

Here, as previously stated, the AEDPA limitations period as to Grounds One, Seven, Eight, Nine, and Ten commenced on February 16, 2014 and expired on February 15, 2015. After his Rule 32 of-right proceeding concluded, Petitioner did not commence another post-conviction action pursuant to Rule 32. However, on May 20, 2015, Petitioner filed a "Notice of Application of a Writ of Error Coram Nobis" in the trial court. (Doc. 14, Ex. XX.) Petitioner argues that his claims are not barred by the AEDPA statute of limitations because that proceeding is still pending in state court. (Doc. 20 at 12.) Even if Petitioner's application for a writ of error coram nobis constitutes an "application for State post-conviction or other collateral review" under § 2244(d)(2), because the AEDPA statute of limitations expired before Petitioner commenced that action, it could not toll the limitations period.[10] Accordingly, once the AEDPA limitations period expires, a subsequently filed state post-conviction proceeding cannot

[9] Courts have interpreted the statute of limitation provisions of §§ 2244 and 2255 as being consistent. *See Lackawana Cty Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001).

[10] Rule 32 consolidated several avenues for post-conviction relief, including writs of coram nobis, into a single comprehensive remedy. *See Greathouse v. Songberg*, 2008 WL 686994, at * n.2 (discussing Rule 32); *see also Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (stating that Rule 32 was amended in 1975 to "consolidate several types of post-conviction writs, petitions, and motions into one comprehensive post-conviction remedy.").

restart the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (noting that an application for state post-conviction relief filed after expiration of the AEDPA statute of limitations did not reinitiate the limitations period). Accordingly, statutory tolling does not apply.[11]

**2. Timeliness of Petitioner's Claims Related to the 2011 Case**

As discussed above, because statutory tolling does not apply, the one-year limitations period as to Grounds One, Seven, Eight, Nine, and Ten expired on February 15, 2015. Petitioner's original petition, filed on January 14, 2015, was timely. However, Petitioner filed the Amended Petition on April 22, 2015, after the limitations period expired. Accordingly, unless the claims in the Amended Petition relate back to original petition in accordance with Rule 15(c) of the Federal Rules of Civil Procedure, they are untimely. Respondents state that Grounds One and Eight relate back to the original petition and, therefore, are timely. However, Respondents argue that Grounds Seven, Nine, and Ten do not relate back to the original petition and, therefore, are untimely. As set forth below, the Court agrees with Respondents' assertion.

Rule 15(c) of the Federal Rules of Civil Procedure provides that an "amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading."[12] Fed. R. Civ. P. 15(c)(1)(B). In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court explained relation back under Rule 15(c) as applied to the AEDPA's one-year limitations period. The Court held that new claims relate back to "timely" claims only when such claims are tied to a common core of operative facts. *Id.* at 665. The Court rejected the argument that a common core of operative facts could be interpreted to include all facts arising out of a petitioner's trial,

---

[11] The Court considers whether equitably tolling applies in Section III.B.3.

[12] A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. In addition, Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules."

conviction, or sentence. *Id.* New claims supported by facts that differ in both "time and type" from those included in the original petition do not relate back. *Id.* at 650. In contrast, if a new claim merely clarifies or amplifies a claim or theory already in the original petition, it may relate back to the date of the original petition and avoid a time bar. *See Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001).

Here, as Respondents acknowledge (Doc. 14 at 14), Petitioner's allegations in Ground One of the Amended Petition, that his sentence in the 2011 case was improperly enhanced with his 1992 conviction, are essentially the same as his allegations in Ground One of the original petition. (*Compare* Doc. 1 at 8 *with* Doc. 9 at 11) Thus, Ground One of the Amended Petition relates back to the timely-filed original petition and is timely.

Ground Eight also relates back to the original petition. In Ground Eight, Petitioner asserts that trial counsel in the 2011 case was ineffective in violation of the Sixth Amendment for failing to argue that Petitioner's sentence was improperly enhanced by his 1992 kidnapping conviction. (Doc. 9 at 24.) As Respondents concede (Doc. 14 at 15), this claim relates back to the original petition because it arises from a common core of operative facts — Petitioner's enhanced sentence in the 2011 case — that Petitioner asserted to support Ground One of the original petition. (*Compare* Doc. 1 at 8 *with* Doc. 9 at 24.) Therefore, Ground Eight is timely.

However, as Respondents argue, Petitioner's claims asserted in Grounds Seven, Nine, and Ten do not relate back to the original petition and, therefore, are untimely. (Doc. 14 at 14-16.) In Ground Seven, Petitioner asserts that his Fifth and Fourteenth Amendment rights were violated when trial counsel waived Petitioner's right to a preliminary hearing in the 2011 case without his "informed and express consent." (Doc. 9 at 23.) Ground One of the original petition is the only ground that relates to Petitioner's conviction and sentence in the 2011 case. (Doc. 1 at 8.) In that ground for relief, Petitioner asserts that the trial court in the 2011 case violated Petitioner's Fifth and Fourteenth Amendment rights by using his nineteen–year-old conviction in CR1992–000157 to enhance his sentence in the 2011 case. (Doc. 1 at 8.) The Court finds the

claims in Ground Seven of the Amended Petitioner and Ground One of the original petition "differ both in time and type." *See Mayle*, 545 U.S. at 650. Therefore, Ground Seven does not relate back to the original petition and it is untimely. *See Mayle*, 545 U.S. at 650.

In Ground Nine, Petitioner argues that his Fifth and Fourteenth Amendment rights were violated when trial counsel in the 2011 case gave inadequate legal advice regarding the State's alleged offer of a plea agreement stipulating to a 2.25–year sentence. (Doc. 9 at 25.) Upon review of the original petition, the Court finds that it does not include a claim that related to the plea negotiation process or Petitioner's entry of a guilty plea in the 2011 case. (*Compare* Doc. 1 *with* Doc. 9 at 25.) Therefore, Ground Nine does not relate back to the original petition and is untimely. *See Mayle*, 545 U.S. at 650.

In Ground Ten, Petitioner asserts that his Fifth and Fourteenth Amendment rights were violated because his trial counsel in the 2011 case failed to investigate his contention that police officers "brutally beat" him after his arrest. (Doc. 9 at 26.) Upon review of the original petition, the Court finds that it does not include a claim that relates to Petitioner's arrest in the 2011 case, or to the performance of counsel in failing to investigate the circumstances surrounding Petitioner's 2011 arrest. (*Compare* Doc. 1 *with* Doc. 9 at 26.) Therefore, Ground Ten does not relate back to the original petition and is untimely. *See Mayle,* 545 U.S. at 650.

Therefore, Grounds One and Eight are timely. However, Grounds Seven, Nine, and Ten are untimely and not subject to habeas corpus review unless equitable tolling applies to those claims.

**3. Equitable Tolling Related to Untimely Claims**

As previously stated, the AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland*, 560 U.S. at 645. However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418. Petitioner does not argue that equitable tolling applies

such that Grounds Seven, Nine, and Ten should be considered timely. (Docs. 9, 20.) Petitioner has not articulated, and the record does not reveal, any extraordinary circumstance that prevented him from filing a timely federal habeas corpus petition including Grounds Seven, Nine, and Ten. Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. *See Ballesteros*, 2007 WL 666927, at *5. Additionally, the record does not support a finding that Petitioner diligently pursued his rights regarding the untimely claims. Petitioner does not explain why he did not include the claims asserted in Grounds Seven, Nine, and Ten in his original petition. Because Petitioner has not shown that he "has been pursuing his rights diligently" and that "some extraordinary circumstance" stood in the way of his raising his claims in a timely § 2254 Petitioner, equitable tolling does not apply. *See Pace,* 544 U.S. at 418.

**C. Summary**

In summary, Grounds One and Eight, both of which pertain to Petitioner's conviction and sentence in the 2011 case, are timely under the AEDPA limitations period. Petitioner's claims asserted in Grounds Three, Four, Five, Six, Seven, Nine, and Ten are untimely and Petitioner has not established a basis to extend or avoid the limitations period as to those claims. Accordingly, the Court recommends that Grounds Three, Four, Five, Six, Seven, Nine, and Ten be denied as untimely and does not consider Respondents' alternative grounds for denying relief on those claims.

**IV. Exhaustion and Procedural Bar**

Although Respondents acknowledge that Grounds One and Eight are timely, they argue that federal habeas corpus review of these claims is procedurally barred. (Doc. 14 at 21-26.) As discussed below, the Court agrees.

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest"

court in a procedurally appropriate manner.[13] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31-32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See*

---

[13] In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 931-33 (D. Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

*Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985). A state court's application of the procedural bar is "adequate" if it is "strictly or regularly followed." *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate. *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989). "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Coleman*, 501 U.S. at 732. Although a procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim. *See id*. at 729-32.

However, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *See Reed v. Ross*, 468 U.S. 1, 9 (1984). Generally, a federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates "cause" for the failure to properly exhaust the claim in state court and "prejudice" from

the alleged constitutional violation, or shows that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits. *Coleman*, 501 U.S. at 750. Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless claims regardless of whether the claim was properly exhausted in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court to allow claims to be raised in state court if they are subject to dismissal under § 2254(b)(2) as "plainly meritless").

**A. Procedural Bar Applied to Grounds One and Eight**

Grounds One and Eight pertain to Petitioner's conviction and sentence in the 2011 case. Petitioner filed a Rule 32 of-right proceeding in the 2011 case. (Doc. 14, Ex. LL.) Petitioner, however, did not appeal that decision to the Arizona Court of Appeals. In his Amended Petition, Petitioner admits that he did not present the issues raised in Grounds One and Eight to the appellate court. (Doc. 9 at 11, 23-26.) Additionally, Petitioner did not commence any post-conviction actions after the conclusion of this Rule 32 of-right proceeding. Accordingly, Petitioner did present Grounds One and Eight to the state courts on post-conviction review.

On May 15, 2015, Petitioner filed a petition writ of error coram nobis in the trial court. (Doc. 14, Ex. XX.) Even if presentation of a claim in a petition for writ of error coram nobis is sufficient to fairly present a claim to the Arizona courts for exhaustion purposes, Petitioner did not present the federal claims asserted in Grounds One and Eight in that petition. *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989) (raising a new claim to a state court that has discretionary review does not constitute fair presentation). The petition for writ of error coram nobis asserts that the prosecutor violated Arizona law by using the 1992 conviction to enhance his sentence in the 2011 case. (Doc. 14, Ex. XX at 2.) However, Petitioner did not challenge his 2011 sentence on the federal grounds asserted in Ground One of the Amended Petition. Accordingly, he did not fairly present Ground One in that petition. *See Baldwin v. Reese*, 541 U.S. 27, 28 (2004) (to fairly present a claims, it is not enough that all of the facts necessary to support the federal

claim were before the state court or that a "somewhat similar" state law claim was raised). Additionally, the petition for writ of error coram nobis does not include the claims of ineffective assistance of counsel asserted in Ground Eight. Accordingly, Petitioner did not fairly present the federal claims asserted in Grounds One and Eight to the state courts.

It would be futile for Petitioner to return to the state courts to try to present Grounds One and Eight. Any attempt to present those claims to the court of appeals would be barred because a petition for appellate review would be untimely. *See* Ariz. R. Crim. P. 32.9(c). Petitioner is also time-barred from a filing a petition for post-conviction relief under Rule 32. *See* Ariz. R. Crim. P. 32.4(a); *McKinney v. Ryan*, 730 F.3d 903, 913 n.6 (9th Cir. 2013) (finding claims procedurally defaulted because petitioner was barred from exhausting his claims in the first instance by Rules 32.2(a)(3) and 32.4(a)).

Rule 32 is an adequate and independent state procedural rule. *See Simmons v. Schriro*, 187 Fed. Appx. 753, 754 (9th Cir. 2006) (holding that Arizona's procedural rules, including its timeliness rules, are "clear" and "well-established"). *See also Nitschke v. Belleque*, 680 F.3d 1105, 1110 (9th Cir. 2012) (discussing requirement that state procedural rule must rest on an "independent" state law ground); *Miloni v. Schriro*, 2006 WL 1652578, *5 (D. Ariz. Jun. 7, 2006) (concluding that a procedural ruling based on Rule 32.9(c) is adequate).

Additionally, Petitioner's claims in Grounds One and Eight do not implicate any exceptions to the timeliness rules referred to in Rule 32.4(a) and Rule 32.2(b), including being held in custody after the imposed sentence expired, the presentation of newly discovered material facts that probably would have changed the verdict or sentence, the failure to file a timely notice of post-conviction relief or a notice of appeal that was not the defendant's fault, a change in the law, or the petitioner's actual innocence. *See* Rule 32.1(d), (e), (f), (g) and (h). Accordingly, federal habeas corpus review of Petitioner's claims in Grounds One and Eight is procedurally barred.

**B. Petitioner has not Established a Basis to Overcome the Procedural Bar**

Because Petitioner's claims asserted in Grounds One and Eight are procedurally defaulted, federal habeas corpus review is unavailable unless Petitioner establishes "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the procedural bar. *See Coleman*, 501 U.S. at 749. For the reasons below, the Court finds that Petitioner has not established a basis to overcome the procedural bar.

**1. Cause and Prejudice**

A federal court may review the merits of a procedurally defaulted claim if a petitioner establishes "cause" and "prejudice." *Coleman*, 501 U.S. at 750. To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Teague*, 489 U.S. at 298. A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

"Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). If petitioner fails to establish cause for his procedural default, then the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

To establish cause Petitioner argues that he "couldn't find legal help on the yard," to assist with filing a petition for review of the denial of his Rule 32 of-right proceeding.[14] (Doc. 9 at 11, 24.) Petitioner essentially argues his lack of legal

[14] Petitioner does not argue that he was denied the effective assistance of counsel on appeal of his Rule 32 of-right proceeding. Even if asserted, such a claim would not excuse the procedural bar to review of Grounds One and Eight. The ineffective assistance of post-conviction counsel in the initial post-conviction review proceeding

knowledge as cause to excuse the procedural bar to review of his claims. Petitioner's status as an inmate, lack of legal knowledge, and limited legal resources do not establish cause to excuse the procedural bar to review of his claims. *See Hughes*, 800 F.2d at 909 (an illiterate pro se petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's reliance upon jailhouse lawyers did not constitute cause); *see also Rasberry*, 448 F.3d at 1154 ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). Therefore, Petitioner has not shown cause for the procedural default of his claims in Grounds One and Eight, and the Court does not consider whether Petitioner has shown prejudice. *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

**2. Fundamental Miscarriage of Justice**

In addition, a federal court may review the merits of a procedurally defaulted claim if the petitioner demonstrates that failure to consider the merits of that claim will result in a "fundamental miscarriage of justice." *Schlup*, 513 U.S. at 327. A "fundamental miscarriage of justice" occurs when "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

To establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness

---

may constitute cause to excuse a procedural bar to review of claims of ineffective assistance of counsel. *Martinez v. Ryan*, ___ U.S.___, 132 S. Ct. 1309, 1315 (2012). Thus, even if *Martinez* applied, it would only excuse the procedural bar to Petitioner's claims of ineffective assistance of counsel.

However, *Martinez* does not apply because the rule announced in that case "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial." *Id.* at 1320. Rather, *Martinez* is concerned that, if ineffective assistance of counsel claims were not brought in the collateral proceeding that provided the first occasion to raise such claims, then the claims could not be brought at all. *Id.* at 1316. Therefore, a petitioner may not assert "cause" to overcome the procedural bar based on attorney error that occurred in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id.* at 1320.

accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. The petitioner has the burden of demonstrating that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. Petitioner does not argue that failure to consider his claims asserted in Grounds One and Eight will result in a fundamental miscarriage of justice. (Docs. 9, 20.) Additionally, Petitioner has not presented new evidence and has not shown that failure to consider his procedurally defaulted claims will result in a fundamental miscarriage of justice. Thus, he has not met *Schlup's* high standard and this exception does not excuse the procedural bar.

**V. Motion for an Evidentiary Hearing**

Petitioner also requests an evidentiary hearing in this matter. (Docs. 19, 20 at 27.) Petitioner requests a hearing to substantiate his assertion that there were multiple plea offers in the 2011 case. He also argues that he was denied the opportunity to develop the facts in the 1992 case. The Court considered similar assertions in Petitioner's motion for discovery. (Doc. 18.) In the order denying Petitioner's motion for discovery, the Court noted that the Answer was limited to procedural defenses and that Petitioner had not explained why discovery was necessary to respond to the Answer. (*Id.* at 3.)

An evidentiary hearing "is required when the petitioner's allegations, if proven, would establish the right to relief." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). It "is not required on issues that can be resolved by reference to the state court record." *Id.* As the Ninth Circuit has stated, "[i]t is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." *Id.*; *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986) (an evidentiary hearing not required if motion, files and records of case conclusively show petitioner is entitled to no relief) (quoting 28 U.S.C. § 2255).

Here, "[t]here is no indication from the arguments presented" by Petitioner "that an evidentiary hearing would in any way shed new light on the" grounds for federal habeas corpus relief raised in his petition. *Totten*, 137 F.2d at 1177. Additionally, the

Court resolved the Amended Petition on procedural or jurisdictional grounds and thus, an evidentiary hearing would serve no purpose. Accordingly, the motion for an evidentiary hearing should be denied.

**VI. Conclusion**

For the reasons set forth above, the Court recommends that the Amended Petition be denied because Ground Two is not cognizable on federal habeas corpus review, Grounds Three, Four, Five, Six, Seven, Nine and Ten are untimely, and Grounds One and Eight are procedurally barred from federal habeas corpus review and Petitioner has not established a basis to overcome that bar. The Court also recommends that the motion for an evidentiary hearing be denied.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 9) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to

any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 21st day of October, 2015.

Bridget S. Bade
United States Magistrate Judge