**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Stephen Walker, | No. CV-15-00072-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

On October 21, 2015, Magistrate Judge Bridget S. Bade issued a Report and Recommendation ("R&R") recommending the amended petition for writ of habeas corpus be denied based on a combination of procedural defects. Petitioner filed timely objections to the R&R, primarily arguing the procedural defects should be overlooked because he has only an eighth grade education and because of his "mental status." (Doc. 25 at 7). Having reviewed the issues de novo, the R&R will be adopted in full.

The petition contains ten claims but the R&R correctly concludes claim two is not cognizable on federal habeas review. Therefore, the R&R's analysis of that claim will be adopted in full and the claim dismissed. As for the remaining claims, they can be broken into two groups: claims based on Petitioner's 1992 case and claims based on his 2011 case.

Claims three through six involve Petitioner's 1992 case. Those claims are untimely and Petitioner has not carried his burden of establishing any form of tolling

applies. Moreover, Petitioner has not made a credible claim of actual innocence such that the timeliness issue can be overcome. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013) (recognizing actual innocence exception to time bar). At trial, the police officers testified regarding Plaintiff's actions. The fact that Plaintiff now has a witness who would provide a different version of events is not enough to establish actual innocence because, as the Magistrate Judge pointed out, even if the new witness had provided the testimony she now offers, "a reasonable juror could have credited the police officers' testimony rather than [the new witness's]." (Doc. 24 at 18). Accordingly, the R&R's analysis of claims three through six is correct and will be adopted.

Petitioner's claims one and seven through ten involve his 2011 case. Claims one and eight were filed within one year of Petitioner's conviction becoming final. Claims seven, nine, and ten, however, only appeared in an amended petition filed more than one year after Petitioner's conviction became final. The R&R accurately explains the Supreme Court's guidance on how to handle the "relation back" of new claims asserted in an amended petition. *See Mayle v. Felix*, 545 U.S. 644 (2005). Pursuant to that guidance, claims seven, nine, and ten are untimely because they do not arise out of the same "core of operative facts" as the claims in the original petition. *Id.* at 659.

That leaves only claims one and eight. The R&R is correct that Petitioner timely asserted these claims. However, Petitioner did not exhaust these claims in state court. Having failed to exhaust the claims, and with no convincing basis to excuse that failure, Petitioner cannot pursue his claims now. Thus, all of Petitioner's claims fail and the petition must be denied in full.

Finally, Petitioner requests the Court hold an evidentiary hearing. The Magistrate Judge correctly explained that, in the present circumstances where there are fatal procedural defects, "an evidentiary hearing would serve no purpose." (Doc. 24 at 33). Therefore, the request for an evidentiary hearing will be denied.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 24) is **ADOPTED IN**

**FULL** and the amended petition for writ of habeas corpus (Doc. 9) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion for Evidentiary Hearing (Doc. 19) is **DENIED**.

**IT IS FURTHER ORDERED** a certificate of appealability and leave to proceed in forma pauperis on appeal are denied because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 30th day of March, 2016.

_____
Honorable Roslyn O. Silver
Senior United States District Judge